IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:12-CV-164 (WLS) |
| $24,600 IN UNITED STATES FUNDS, | : |
| Defendant Property, | : |
| OSAUYI OBAZE, | : |
| Claimant. | : |

## ORDER

Presently pending before the Court is the Government's Motion to Strike Responsive Pleadings of Claimant Osauyi Obaze and for Issuance of a Final Order of Forfeiture. (Doc. 16.) For the following reasons, the Government's Motion to Strike Responsive Pleadings of Claimant Osauyi Obaze and for Issuance of a Final Order of Forfeiture (Doc. 16) is **GRANTED.**

## BACKGROUND

On May 8, 2012, the Government brought this *in rem* action pursuant to 18 U.S.C. § 981(a)(1)(A) and/or 21 U.S.C. § 881(a)(6), to forfeit and condemn $24,600 in United States currency. (Doc. 1 at 1.) The Government claims that seizure is warranted because probable cause supports a finding that the currency was furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801, *et seq.*, or that the currency was used in connection with dealing in fraudulent

1

identification documents in violation of 18 U.S.C. § 1028.  (*Id.* at 7.)  A violation of either section would subject the currency to forfeiture under 18 U.S.C. § 981.  (*Id.*)

Claimant filed a Claim Contesting Forfeiture on June 19, 2012, and answered the Complaint on July 3, 2012.  (Docs. 5, 8.)  The Court was first apprised of Claimant's failure to comply with discovery requests by letter from his counsel on January 28, 2013.  (Doc. 11.)  Claimant's counsel attached a copy of correspondence he sent to Claimant on December 6, 2012 reminding Clamaint of the importance of complying with discovery and noting counsel's attempts to reach Claimant beginning on November 8, 2012.  (Doc. 11-3.)  At a Status Conference held on February 22, 2013, counsel for Claimant notified the Court that Claimant had failed to provide necessary documents and information that would allow counsel to respond to the Government's discovery requests.  (*See* Doc. 15 at 1.)  On February 27, 2013, the Court Ordered Claimant to respond to the Government's discovery requests within fourteen (14) days from the status conference, and notified Claimant that failure to respond could result in dismissal with prejudice under Federal Rule of Civil Procedure ("FRCP") 41(b) for failure to prosecute, and sanctions under FRCP 37(b)(2)(A).  (*Id.* at 1-2.)

The Government filed the instant Motion on March 22, 2013.  (Doc. 16.)  In its brief in support, it argues that Claimant's Claim and Answer should be stricken under FRCP 37 for failure to respond to interrogatories.  (Doc. 16-1 at 6.)  Claimant has not responded to the Government's Motion and has not complied with discovery.  (*See generally* Docket.)  Also, the Court is unaware of any attempts by Claimant to contact his counsel, the Government, or the Court regarding his Claim.  (*See generally* Docket.)

## **DISCUSSION**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. § 1395. The Court enjoys broad discretion in imposing sanctions for failure to participate in discovery. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 652 (1976). FRCP 37 provides various sanctions for remedying such failures, and the Court is required to ensure that any sanction imposed is reasonable. FED. R. CIV. PRO. 37(b)(2); *see Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985). A court may order sanctions if a party fails to appear at that person's deposition, or a party fails to serve its answers, objections, or written response after proper service. FED. R. CIV. PRO. 37(d)(1)(A).

Based on the Claimant's actions, or lack thereof, the Court finds that sanction is appropriate. Claimant has willfully disregarded the rules and Orders of this Court, and has failed to comply with discovery. Claimant has failed to contact his counsel since November 8, 2012. In light of Claimant's absence from the proceedings in this case, the Court concludes that Claimant is no longer interested in pursuing his Claim. Because it appears to the Court that Claimant will not reappear to pronounce his stake in the concerned funds, the Court finds that entry of a further order to compel discovery responses would likely be futile and therefore declines to issue such an order. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993); *United States v. $18,600.00 in U.S. Currency*, No. 5:08-CV-204 (CAR), 2009 WL 1158953, *1 (M.D. Ga. April 28, 2009). As such, the Court finds that striking Claimant's responsive pleadings is the most appropriate sanction.

Accordingly, Government's Motion to Strike is **GRANTED,** and Claimant's Claim (Doc. 5) and Answer (Doc. 8) are hereby **STRICKEN.** The Court is also required

to **ORDER** Claimant to pay the reasonable expenses, including attorney's fees, caused by his failure to participate in discovery because the failure has not been "substantially justified."[1] FED. R. CIV. PRO. 37(d)(3).

The Government also moves the Court to enter a Final Order of Forfeiture. (*See* Doc. 16 at 1.) The Government has demonstrated that all notice and publication requirements were previously met, including the filing of a Verified Complaint (Doc. 1), issuance of a Warrant to Arrest In Rem (Doc. 2), dispatch of Notice of Judicial Forfeiture Proceedings to all known possible claimants (Doc. 3), and filing of Declaration of Publication (Doc. 6). *See* SUPP. R. FOR ADM. OR MAR. CLAIMS & ASSET FORFEITURE ACTIONS, Rule G. Also, Claimant's stricken pleadings were the only claim or answer filed with respect to the Defendant Property.

Based on the allegations contained within the Verified Complaint (Doc. 1), the Court finds that there is probable cause that the currency at issue in this suit was furnished or intended to be furnished in exchange for a controlled substance, or constitutes funds traceable to buying, selling, or otherwise dealing in fraudulent identification documents. With this finding of probable cause, the funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) & (b), and 21 U.S.C. § 881. It is hereby **ORDERED** that all right, title, and interest in Defendant Property is hereby forfeited to and vested in the United States, which shall have clear title to this property and may warrant good title to any subsequent transfer. It is also **ORDERED** that the United States Attorney General or his authorized designee shall dispose of this property in accordance with the law.

---

[1] The Court declines to assess attorney's fees against Claimant's counsel as he has demonstrated a good faith effort to encourage his client to participate in discovery and has otherwise complied with this Court's rules and Orders. (*See* Doc. 11.) *See* FED. R. CIV. PRO. 37(d)(3).

4

**SO ORDERED**, this  2nd  day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**
